Yes, Your Honor. May it please the Court, my name is Barbara Sutliff. I'm a Deputy Attorney General, and I represent the defendants and appellants in this appeal. And I request leave to reserve two minutes of time of my argument time for rebuttal. Try to keep track of your own two minutes. I'll try to remind you, but it's your responsibility. I understand, Your Honor. Thank you. This appeal is from an interlocutory order issued by the District Court denying defendants unenumerated 12B motion to dismiss based on Plaintiff Appellee Robert Hall's failure to fully exhaust his administrative remedies prior to filing this action as required under the Prison Litigation Reform Act. Title 15 of the California Code of Regulations provides a three-tiered appeal or grievance process for prisoners. In order to fully exhaust this process, they must pursue their appeal or grievance through all three levels, unless one of two things basically occurs. One is that at some point prior to the third level, their request for relief is fully granted, or they become satisfied with the response they receive to the point that they are willing to abandon their claim. In this case, the undisputed record shows that Plaintiff pursued his appeal only to the second level of the process. Where did you get the unlesses from? Your Honor, from the regulations themselves. How are those unlesses completely satisfied here? In this case, Your Honor, because, first of all, the Plaintiff Appellee took his appeal to only the second level. And at that point in time, the response was a denial of his request for relief. It was a denial. I'm sorry. But there was, in fact, relief granted, right? Actually, Your Honor, not according to the person who reviewed the second level. Appeal did not consider that any relief had been granted in the case. As you're aware, the prisoner here requested several forms of relief, including he requested damages, money damages. He requested ---- The system cannot give him, right? I'm sorry? The system cannot give him. I understand he needs to exhaust anyway, but the system cannot give him money damages. No. Normally, you're correct, Your Honor. The system cannot. I think that that's correct. But the prisoner here requested money damages. He requested ---- he had a particular claim against one of the officers involved in the cell extraction in the underlying action. So when he got the denial, he got a note that says, Your appeal is being answered as a staff complaint. If the appeal contains other issues as well, i.e., disciplinary or property issues, which it didn't, right? The other issues must be appealed separately. And then it says your allegations of staff misconduct have been referred for investigation and will be notified by the investigative services union only of the conclusion of the investigation. So what else could he have gotten from what he was actually complaining about within the system? Your Honor, we don't really know. In fact, I would point out to the Court that the appeal process is the three-tiered appeal process. It's an ascending order of ---- in terms of the reviewers. At first, the first level appeal goes to the departmental. Well, that's not ---- you know, it's not answering the question. The version says there was no relief that they could have given him. Is that the law? Does it matter whether they can give him relief or is he required to exhaust even if they can't give him relief? What's your position on it? Your Honor, I would suggest that under Boothby-Turner, exhaustion involves not only the pursuit of remedies but the pursuit of process. And it's determined by the particular regulatory process at issue. In this case, it's the California regulations under Title 15, which in order to exhaust, the prisoner must go through all three levels. And I would also like to point out to the Court under Booth that the Court very clearly says that sometimes it's just the hearing of the complaint itself which constitutes some relief. It's a suitor thought. It would do the prisoner a lot of good to have the benefit of this wonderful process the State affords him. That's what the decision said, right? I'm sorry, I didn't hear you. Okay, just as well. I do have a question, though, which is? Before that, the relief he asked for was the investigation. He asked that the officer be removed from office, that he be demoted, that he be fined $30,000. And I guess he said he asked for damages also. I don't quite see that, but it's hard to read his complaint. But he at least asked for the investigation, discipline, specific action against the officer, which, of course, the prison was not able to tell him this was not the right process to get that type of relief. Is there anything more that he asked for other than the investigation, hold the officials responsible, fine them, demote them? Did he ask for damages also? Yes, Your Honor, he asked for many damages. He also asked for that criminal charges be brought against the various officers on the extraction teams. And just by virtue of the fact that he was granted an investigation does not mean that the specific relief that he sought would necessarily be granted. Now, as you quoted the regulations, and I'd like to know exactly what you were quoting, there is an exception for if he gets complete relief, right? Well, Your Honor, actually, that's correct. It's not specifically stated in those terms. What it says is, and this is in the record, it's under Section 308.4.5 of Title 15 of the California regulations, where it states basically in a situation where the prisoner has received a denial in the first formal level appeal step, that he must then pursue his appeal to the second level. It's stated in terms of if he receives a denial, and then that's in 308.4.5, little A, or I'm sorry, little C. Then it goes down in the same section and states that then after the second level response comes back, if the prisoner's appeal is not resolved at that point, he still must pursue then to the third level of review. And the way this is applied basically, these particular provisions, is that if the prisoner receives a denial, whether in full or in part, he must continue to the next level of review. So what would you suggest is how do we tell when the dispute has been resolved? Is the question simply the bottom line, if the word says denied, then we consider it to be denied, even if relief is granted? Well, I would suggest, Your Honor, that first of all, that the people who are charged with administering and implementing these regulations, if in fact they say that the request is denied, that that needs to be given a certain amount of deference. So yes, because this is what the prisoner sees when he gets his response, and he also sees in this case instructions that he proceed to the next level. So in these circumstances, I would say that it was clear to the prisoner in this case that he needed to go a step further in the appeal process. And he didn't. And he did not. And you say that's okay because even though the prison apparently told him, you know, if you're not satisfied and if you want to get something else, you can appeal further, but he doesn't. And is that because looking at it from his standpoint, he got everything that he could reasonably expect to get at that level or at any other level? Your Honor, I can't really speak for the prisoner, and I don't represent the prisoner. I represent the defendants and the appellants in the case. And I don't know why he didn't go to the third level. And I would suggest to you that it doesn't matter. Under this process, which he very clearly knew about, he needed to go one step further, and he failed to do so. Thank you. We will give you two minutes for rebuttal. Thank you. May it please the Court. Your Honors, my name is Thomas Reardon. I'm representing Appellant Hall. Mr. Reardon, what about that last point that I spoke with Ms. Sutcliffe about? It looks as if this particular person, Hall, was told if you were not satisfied, you can appeal or you can go further on. And that seems to indicate that there was another level to which he could appeal if he, you know, didn't like what he got. Now, why wouldn't he? Because, realistically, he couldn't expect anything more? Right. Plus, he had already gotten his substantial part of the relief that he could have hoped to get at the administrative level. Substantial might not be good enough, but did he get all of the relief that he could have hoped to get from the system? I believe he did. I don't see any indication in the record that there was anything else that the administrative system could have given him. The disciplinary measures are certainly not measures that could be used. And is that to test whether there's any relief they can give you or whether there's more process to be exhausted? Well, certainly under Booth, we agree with the state's interpretation that starting from scratch, you have to go forth with the administrative process even if your only remedy that you're seeking is money. Are you saying he can stop at the first step? Could he stop if he had been granted relief? You said if all you ask for is money and they can't give it to you, you still have to file a grievance. Right. And apparently you have to go through each of the three steps. So why is this any different? Because he was granted relief at the second step. Well, obviously it wasn't all the relief he wanted or we wouldn't be here. Well, that's correct in that there's almost never a case almost always they're asking for monetary relief as well. I don't understand your argument. Your argument is if he were only seeking monetary relief, he would have to exhaust all three steps. But if he's seeking monetary relief plus something else and he gets something else, then he can stop? Sure. If he's granted relief, he can stop. But does it turn on what he's asking for?  I'm having trouble with it, too. Is it that it doesn't depend on what he asks for or does it depend on what the system can provide? I believe that under Cherner the focus is more under, well, he has to request administrative relief. And the system can provide measures other than what he requested. For instance, if he requested only money, Cherner still wants to encourage him to go forward because the administrative system may be able to give him relief, which would satisfy him. For instance, excuse me. Therapeutic relief. Exactly. This suitor thinks that as far as the Supreme Court does. Right. So I don't understand why you can stop at step two, because they gave him they told him to do an investigation. And you think that's sufficiently therapeutic? He wouldn't benefit therapeutically if they at the next step. They said, not only do you get an investigation, but we're going to give you a gold star because you've been a wonderful prisoner and uncovered corruption in our system. That's the kind of thing that Justice Souter and Justice Ginsburg were writing about in Booth and whatever this other one is. There's the two cases, Booth and Porter. Right. Well, I just don't understand why you stop part way if you have to go through this process, which can't give you the relief you want. Why you're able to stop if they give you part of what you want? Well, there are several district court cases that have looked at this. They've had various rationales for why relief, even if it's not total relief, is sufficient to be considered. Don't we have to? I mean, the only way to resolve this, it seems, is to look at what Booth and Porter say are the reasons for the exhaustion. So is there some way that you can enlighten us with regard to those reasons and come up with some rule about when you have to stop? I mean, I gather that the system itself says that if it's resolved, you can stop. Right. So the question is, how do we know when it's resolved? Well, realistically, I think part of it is we have to look realistically at the system. If resolution is significant and the fact that there's money, almost in all of these cases the prisoners are seeking monetary relief, and that's never going to be granted in California under the system. So therefore we have to look at what kind of relief was granted, whether it was substantial, whether he had a risk in going forward. One of the cases, the district court cases Brady, which I cited, points out that by going forward after the prisoner has obtained its substantial relief, there's nothing preventing the system from cutting back on that at the third level. Cutting back on what? On the relief. In other words, he could lose what he has already gained at the third level. There's nothing that built into the system. He could also gain. For instance, they said to him, you know, we're going to have an investigation, but we won't tell you the results. Now, in another case, they did tell a prisoner the results. So maybe if he'd gone to the third step, they would have not only had an investigation, but they would have disciplined the people the way he asked. Right. Or they could have taken away the investigation. Or they could have taken it away. Right. And the question is whether it makes sense or whether it's fair to require. Well, fair. This whole process isn't fair when you've got to go through a remedy, through a procedure where you can't get what you want. It's not exactly fair. But that's the system. The system is I want $50,000 in damages because I was assaulted. I've now got to go through three levels and ask for it. You agree with that. You have to do it if that's all you're asking for. And you know you have no chance of getting that. They can't give it to you in that process. You have to do it. Now, that's the system. Now, you say if you ask for the $50,000 plus I'd like the guards disciplined and they say to you, well, we're going to give you an investigation, then you don't have to go through the rest of the process. That, I must say, makes no sense to me. Well, there's certainly no way under this system to require the guards to be disciplined. And there's no way to make them give you the $50,000 either. Right. But you still have to go through the process if that's all you're asking for. Right. Well, what if he's granted 98% of the possible relief? There's always something that can be imagined. I guess maybe that's your point. No, that's not my point. That's the Supreme Court's point. That's my point. They say maybe you'll have this wonderful therapeutic benefit that Justice Souter is sitting there conceiving of these prisoners. They're going to have all this lovely therapy and psychiatric benefit of going through the process. I understand the logical problem, Your Honor. All I can do is point to all of the case law that has examined this sense of relief. Let me ask you one more question before we get going. Don't you really think it would be better for the prisoners, for everybody, if we had a nice, clear rule? I mean, once we're stuck with the Supreme Court decisions and you have to exhaust the process, wouldn't it be better just to say to them, look, no matter what, go through all three steps. It's a fairly short process. And then come to court and don't get involved in all these procedural things. We're going to try to say, well, you're getting part of the relief, and therefore you don't have to get through step three, and then have some of them stop short thinking they've got part of the relief. Wouldn't everybody be better off if you just said it's nice and clear and simple, just go through all three steps no matter what? I guess that's one logical system that could be devised. That's the ultimate right line. However, the regulations that California has agreed to do provide for resolution. Unless you get all the relief you want. Right. Well, then you won't be filing a lawsuit if you got all you want. But you can't get all. By definition, you can't get all he wants. Well, you could. Maybe you don't want money. Maybe you just want therapy. All you want is for them to have an investigation and clean house, and they do that, and then you're satisfied. But it seems to me if you're filing a lawsuit, you're not getting all the relief you want. Well, that's always going to be the case if you're looking back. That's right. Always. So that any time you're here, it means you didn't get all the relief you want. Right. But that can't – I don't think that – even under the U.S. I think Judge Thompson had a question. Yes, Your Honor. Yeah. We have a case before yours that we've submitted on the brief, so I'm just saying subject. I don't expect you to be familiar with that. Were you the lawyer on that one, too, Brown and Ovello? No, Your Honor. Okay. Well, it seems to me that maybe this result could depend on what the prison has told the prisoner. If they tell him, okay, you've appealed to this point, you cannot get monetary damages, you cannot get anything else, and any further appeals would just be useless. In so many words, that's what they tell him. Okay. And then so the fellow doesn't appeal. He turns around and he brings his lawsuit, and then the prison says, ha-ha, you didn't appeal further. Now you're caught. It seems to me that there, through a principle of estoppel or something or other, you might say, well, he was reasonably led to believe by the prison that this further process was not available, and Booth talks about available process. And he was persuaded there was nothing more available. Now, your case, however, the problem is that he was told that something more was available and he could appeal further if he was dissatisfied with what he got. So I don't think that helps you. No, no. I understand. I don't know that the standard, again, I don't think they could say that there was something available beyond what he asked for. They didn't, the State didn't tell him that he could get, require that the officers be disciplined or that he was going to get money. The trial court looking at this went to the substance of what the prisoner, what the prison system did, what the administrative system did, and it was a partial. So maybe it just muddies the water anyway and the clear, bright line rule is better, even though it doesn't seem to make much sense. Well, there haven't been any cases that I've seen, and I'm not familiar with your case, published cases that have examined this grant or the partial grant situation where there's still monetary. Surely partial grant isn't going to make it. I mean, at least partial grant, meaning there's something else the system could do. I mean, it seems to me the only hope for your position is if you could establish that as the system communicates to your client it has been represented that there is nothing that the system could possibly do for him of any kind, not only what he asked for, but of any kind. Would you say that the facts of your case establish that? No. No, they haven't. They haven't established that. That the system cannot produce any other result for him other than the investigation that they promised him. They did not specifically say that, but in each of the cases that have examined this question, in Gomez, Clement, Brady, there's a Tenth Circuit case, Ross, from April of this year. If I'll look at this issue and don't think that Booth-Returner system requires that extraordinary extension or that the logic of it necessarily encompasses all of the partial grants, those are all monetary relief cases also. That's why they're in court. But they look back and say, you were granted the medical relief that you sought. You didn't have to go forward in the administration system, even though they could have given him gold stars or whatever besides the monetary relief that was sought in those cases. So this case seems to be perfectly in line with the cases, the district court cases and the other court of appeal cases that have examined this and don't necessarily believe that the Booth-Returner logic has to be brought to the ultimate extent that it depends on what the prison system labels it. I mean, if the prison system told him there's no other relief that you can seek, but there's still a third level, I mean, under the Booth-Returner system, why wouldn't he have to, if it's going to be viewed as the extreme, why wouldn't he go forward, have to go forward to the third level anyway? I don't know why he wouldn't under Booth. I mean, they say it's not the relief you have to exhaust, it's the process. I mean, that's what Booth says. Right. But at some point, isn't there something, can't exhaustion be established by some type of success? Yes. I think what Judge Berzon said is correct. If the prison said, look, level two, this is it. There's no more we can do for you. It would be futile for you to appeal any further. There is no more process for you. Then you wouldn't have to go ahead. Now, what constitutes that kind of a statement? We could debate whether it's enough to say, well, that's what they were really saying. But to say there's a third level, if you don't like this, go ahead and appeal, hardly fits that category. All right. Thank you. Thank you. Thank you. Can we follow up on Judge Reinhart's last question? Because my question really is whether this is that situation. I know they said denied. But leaving that aside, they had told him at the end of the first round, the memorandum said all staff, he was complaining about a staff person. That's basically what he was complaining about, right? He was complaining about a staff person. He was also complaining about the officers on the extraction teams. About the what, I'm sorry? Not just one officer, actually. He was complaining about the, I believe, the manner that the extraction, the cell extraction was carried out. Right. And we're told in Booth and Porter that the purposes of exhausting the process, even if you can't get the relief, are basically three. Filtering out frivolous claims, investigating the facts, or developing the facts, and maybe the prisoner will be satisfied by whatever he does get out of the system. Right? Correct. So the question is, using those criteria, and given what he was told, which is they're going to investigate, so that does the, allows them to develop the facts. He was told that there is nothing they can do about staff personnel other than what they're doing. Was he told that? In other words, this investigation is all they can do with regard to his complaints about the way he was treated by the staff. There's nothing else they can do. Is that what he was told? Wasn't he told? No, Your Honor. He was told that his appeal was denied because he requested, he's requesting money damages, he's requesting specific forms of discipline against an officer, he's requesting that criminal charges be brought against officers on the extraction team, he's requesting an investigation with specific results from that investigation, and I would just like to point out, Your Honor, that whenever a prisoner files an appeal that includes money damages, it virtually signals the fact that he's planning to take his case to trial. And one of the purposes of the exhaustion requirement is to establish an administrative record, which will hopefully improve the quality of the litigation should the case go to trial. In the appeal process, the appeal process will, in terms of this particular appeal, will focus in on this prisoner and his claims. Exactly. And he was told, your allegations of staff misconduct have been referred for investigation. You will be notified by the investigative services unit only of the conclusion of the investigation. In other words, the way the system works is as set. Apparently, if we think, you know, you've shown enough to have an investigation, we'll have the investigation, but we won't involve you in it, we won't tell you what the results are. So from the system's point of view, you are going to develop the facts, and you are the one, and it's the system that has chosen not to involve him in that investigation. So what's going to happen with another appeal? Well, I don't know that the, first of all, I think that the investigation that, I don't know what the parameters of the investigation that are conducted into the cell extractions are. What the parameters are, though, in the appeal process outlined by, the appeal process outlined by the regulations for the individual prisoner, do focus in on that prisoner and his specific claims. And so it's not sufficient. You don't seem to know anything about this investigation or the system investigation. But I gather, just from reading it, this investigation seems to be how they handle the kind of thing that you're talking about. The prison has set up a system where they don't want to involve the prisoners in the investigation, but they will do the investigation, and they're doing it. So what else are they going to do? Well, Your Honor, the allegations of staff misconduct have been referred for investigation. You will be notified by the investigative services unit only of the conclusion of the investigation. So they're doing that. So what else are they going to do? Well, I would say that the investigation that, which is an internal affairs investigation, it's not going to create an administrative record that is specific to this case. And one of the purposes of the exhaustion requirement is in the ---- Is there any way to, as I understand the system, however, there is no way to create that record except this way. In other words, the choice that's been made is that, I presume for security reasons, the prison has decided that they will do investigations if they think the prisoner has shown enough to do them, but they will not involve the prisoner and they will not be on the record. So they're getting part of what Booth and Porter envisage, i.e., they are getting a chance themselves to look into the matter and see if there's anything to it and to develop the record in a timely manner so that they're not surprised years later by a lawsuit where they haven't gotten a chance to develop the facts. They're doing that. And that's what ---- so what else is the prisoner going to get or the prison going to get if it goes further? Under the appeal process, the normal appeal process, the prisoner is ---- it's required that the prison officials interview the prisoner at the first level. Well, he did that. He did that already. Of review. He did that. But also, and he also received an interview at the second level because the provisions also state that if, in fact, the prisoner is raising concerns about policies or procedures, that further interviews may be required if they involve policies and procedures in particular, which the warden, him or herself, would be involved in at the second level, that another interview should be required. May I ask, the third level is what, the director of the prison? The Department of Corrections. And they're above the warden and they can ---- Above the warden and have, the director would have a statewide view of the case, of the issues raised in the case. Do they have the authority to change the warden's decision as to, for instance, whether the fact of discipline could be reported to the prisoner or is he bound by some other external regulations? To what extent is the director bound by what the warden decides is the relief that can be granted? I think that in terms of the confidentiality of the investigation, that those involve certain provisions that would bind not only the warden but the director. But, yes, at every level of review, the previous decision is reviewed, but not only that, the authority at every level of review that you go, that's higher, would be a greater authority to remedy or to hopefully, and to create, again, an additional interview of this prisoner in terms of his specific claims, which would become the record in the case should it go to trial. Not the internal affairs investigation, but the interviews that were conducted specific to this appeal or grievance. Those would become the administrative record for trial. Okay. Thank you, Counsel. Thank you. The case disargued will be submitted. The next case for argument is Lira v. Herrera. Thank you.
judges: Reinhardt, Thompson, Berzon